# THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# BRYSON CITY DIVISION

## CIVIL CASE NO. 2:11cv15

| | |
|---|---|
| WENDY M. WEEKS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| MICHAEL J. ASTRUE, ) | |
| COMMISSIONER OF SOCIAL ) | |
| SECURITY, ) | |
| ) | |
| ) | |
| Defendant. ) | |

**THIS MATTER** is before the Court on the parties' cross Motions for Summary Judgment [Docs. 15 and 16].

Pursuant to 28 U.S.C. §636(b) and a specific Order of referral of this Court, the Honorable David S. Cayer, United States Magistrate Judge, was designated to consider these pending motions and to submit to this Court a recommendation for their disposition. On March 27, 2012, the Magistrate Judge filed a Memorandum and Recommendation [Doc. 21] in this case containing proposed conclusions of law in support of a recommendation regarding the parties' Motions. The parties were advised of the time within which any objections to the Magistrate Judge's Memorandum and

Recommendation were to be filed. The Plaintiff timely filed her Objections to the Memorandum and Recommendation and the Defendant filed Reply. [Doc. 22; Doc. 23].

## PROCEDURAL HISTORY

The Plaintiff does not lodge any objections to the Procedural History or Standard of Review as stated by the Magistrate Judge in the Memorandum and Recommendation. [Doc. 22]. She also does not object to the Magistrate Judge's statement of the relevant factual background although she does object to the legal standards applied thereto. [Id.].

Having conducted a careful review of these portions of the Memorandum and Recommendation, the Court finds that the Magistrate Judge's treatment thereof is correct and supported by the record.

## STANDARD OF REVIEW

This Court has statutory authority to assign pending dispositive pretrial matters to a Magistrate Judge for "proposed findings of fact and recommendations." 28 U.S.C. § 636(b)(1)(B). The Federal Magistrate Act provides that the Court "shall make a de novo determination of those portions of the report or specific proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). The Court is not required to

review under a *de novo* standard the proposed factual findings or legal conclusions of the Magistrate Judge to which no objections have been raised. Thomas v. Arn, 474 U.S. 140, 150, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985). Similarly, *de novo* review is not required "when a party makes general or conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982).

**DISCUSSION**

The Magistrate Judge found that the Administrative Law Judge (ALJ) considered the Plaintiff's Arnold-Chiari malformation of the neck as part of her impairment from neck fusion surgery. The Magistrate noted that the ALJ found the Plaintiff's neck impairment to be severe and included that impairment in the formulation of her residual functional capacity. The Plaintiff contends this conclusion was in error because the severity of malformation was not fully considered. [Doc. 22]. In support of this objection, the Plaintiff merely states that conclusion is wrong "for the reasons set forth in Plaintiff's Memorandum of law." [Id. at 4]. However, merely referencing the same arguments made in the pleading submitted to the Magistrate Judge does not warrant de novo review. United States v. Midgette, 478 F.3d 616, 621 (4th

3

Cir.), cert. denied 551 U.S. 1157, 127 S.Ct. 3032, 168 L.Ed.2d 749 (2007) (emphasis in original).; Veney v. Astrue, 539 F.Supp.2d 841, 846 (W.D.Va. 2008). "Allowing a litigant to obtain de novo review of her entire case by merely [referencing] an earlier brief as an objection 'mak[es] the initial reference to the magistrate useless.'" Id. Having conducted a careful review, the Court finds the Magistrate Judge's application of law and conclusions therefrom correct.

The Plaintiff's second objection is to the Magistrate Judge's conclusion that the ALJ applied the correct legal standard in assessing her credibility. The ALJ, she argues, failed to consider her treating physician's opinion that she met all the criteria for fibromyalgia. Nothing more is stated in support of this objection. The treating physician completed a Fibromyalgia Residual Functional Capacity Questionnaire which was considered by the ALJ. The ALJ, however, concluded that the physician's determinations were not credible in view of the Plaintiff's reported activity levels. This objection as well is rejected.

Next, the Plaintiff claims that the ALJ's credibility determination was erroneous because based on an incomplete examination of the record. The Magistrate Judge's approval of that determination is therefore erroneous, she

argues. This Court, however, does not "undertake to reweigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the [ALJ]." Hancock v. Astrue, 667 F.3d 470, 472 (4th Cir. 2012) (internal quotation and citation omitted). "Where conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled, the responsibility for that decision falls on the [ALJ]." Id.

The Plaintiff claims that the ALJ should have afforded controlling weight to the treating physician's opinion "for the reasons set forth in Plaintiff's Memorandum of Law." [Doc. 22 at 6]. For the same reasons as previously stated, such an objection is not entitled to *de novo* review and having conducted a careful review, the Court finds the Magistrate Judge's treatment of the weight afforded to the treating physician was correct.

She also argues that even if controlling weight was not warranted, the ALJ should have accorded the treating physician's opinion some weight. The Magistrate Judge delineated the treating physician's opinion as well as the ALJ's rejection thereof, noting the ALJ gave specific reasons for that rejection. The ALJ assigned little weight to the opinion, noting substantial inconsistent evidence of the Plaintiff's daily activities. It is not the role of this Court to draw different conclusions from the evidence; the duty of resolving conflicts in the

evidence belongs to the ALJ. Hancock, 667 F.3d at 472.

The Court therefore accepts the Magistrate Judge's recommendation that the Commissioner's decision should be affirmed.

**ORDER**

**IT IS, THEREFORE, ORDERED** that the Plaintiff's Objections [Doc. 22] are hereby **REJECTED**, and the Magistrate Judge's Memorandum and Recommendation [Doc. 21] is hereby **ADOPTED**.

**IT IS FURTHER ORDERED** that the Defendant's Motion for Summary Judgment [Doc. 16] is hereby **GRANTED** and the Plaintiff's Motion for Summary Judgment [Doc. 15] is hereby **DENIED.**

**IT IS FURTHER ORDERED** that the decision of the Commissioner is **AFFIRMED** and this case is hereby **DISMISSED**.

The Clerk of Court is instructed to enter Judgment.

Signed: July 5, 2012

Martin Reidinger
United States District Judge